[Cite as *State v. Bates*, 2024-Ohio-4733.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2024-04-017 |
| | | CA2024-04-018 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 9/30/2024 |
| TRAVIS JAY BATES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 23CR41146; 23CR41261

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Kidd & Urling, LLC, and Thomas W. Kidd, Jr., for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Travis Jay Bates, appeals the consecutive nature of his prison sentence imposed by the Warren County Court of Common Pleas.

{¶ 2} Appellant was indicted in November 2023 on one count each of strangulation, kidnapping, and abduction. The charges stemmed from an incident at

appellant's home during which he choked his girlfriend ("the victim") and struck her multiple times. When the victim tried to leave the scene in her car, appellant broke the vehicle's windshield, took the victim's keys, and physically forced her to go back into his home. Subsequently, the victim filed for and received a domestic violence temporary protective order against appellant. Appellant violated the protection order by posting and contacting the victim on social media on two separate dates. Appellant was indicted in January 2024 on two counts of violating the protection order.

{¶ 3} On January 31, 2024, appellant pled guilty to one count of strangulation, one count of abduction, and one count of violating a protection order. On March 19, 2024, the trial court sentenced appellant to 24 months in prison for each of the strangulation and abduction charges and to 12 months in prison for violating the protection order. The trial court ordered that all prison terms be served consecutively for a total, aggregate 60-month prison term. In imposing consecutive sentences, the trial court found that "consecutive sentences are necessary to punish this defendant, protect the public, specifically the victim from future crime. It is not disproportionate to the conduct or danger posed by the defendant. And your criminal history demonstrates that a consecutive sentence is necessary to protect the public from you."

{¶ 4} Appellant now appeals, raising one assignment of error:

{¶ 5} THE TRIAL COURT ERRED IN ORDERING THAT THE PRISON TERMS OF ALL THREE CONVICTIONS BE SERVED CONSECUTIVELY.

{¶ 6} R.C. 2953.08(G) defines the standard of review for felony sentencing appeals. *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) provides that an appellate court may vacate or modify a felony sentence only if it finds by clear and convincing evidence that the record does not support the trial court's findings under

relevant statutes, including R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law.

**{¶ 7}** When imposing consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Specifically, the trial court must find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that the offender committed a criminal offense while awaiting trial or sentencing, that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct, or that the offender's criminal history makes consecutive sentences necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

**{¶ 8}** Appellant does not contest that the trial court made the required statutory findings at the sentencing hearing and in its sentencing entries. Instead, appellant argues that the record does not support the trial court's consecutive sentence findings because the court "did not focus upon tangible evidence or reasoned analysis," "barely touch[ed] upon [appellant's] prior criminal history," and ignored that appellant had never served a term of imprisonment.

**{¶ 9}** Upon reviewing the record of the sentencing hearing, the presentence-investigative report ("PSI"), and the victim impact statement, we find that the evidence in the record supports the trial court's consecutive sentence findings and imposition of consecutive sentences for appellant's crimes.

{¶ 10} At sentencing, the trial court stated it had considered the PSI and statements made in court. The trial court discussed appellant's lengthy criminal history which started in 2007, observed that it was "replete with multiple domestic violence [offenses], assaults, and violation of protection orders," and addressed appellant's continuing pattern of committing offenses even though he had pending charges in the trial court. Specifically, the trial court stated that appellant had "four outstanding protection orders against [him] from four different people from four different dates." The court further stated, "You picked up [a violation of a protection order] while a felony was pending in this court, and now after you've pled, you've picked up yet another violation of a protection order. . . . You don't follow orders."

{¶ 11} The PSI supports the trial court's statements. It details appellant's extensive assaultive criminal history and shows that regardless of prior sentencing–jail time, probation, community control sanctions, and financial sanctions–appellant has continued to engage in a pattern of committing violent offenses. The victim's statement was read at sentencing. It described the "relentlessness and terrifying nature" of appellant's offenses and the devastating and ongoing impact it has on her mental and emotional health and that of her child. Specifically, the victim stated that "the constant fear of being strangled, beaten, and held against [her] will has permeated every aspect of [her] life" and "shattered [her] sense of security," and that her child has become "anxious and unsettled" and now "lives in fear, unable to enjoy the simple pleasures of childhood." The victim asked the trial court to sentence appellant "for the maximum amount of time possible because what he did was serious, and he always gets a slap on the wrist."

{¶ 12} In light of the foregoing, we find that the trial court's consecutive sentence findings made pursuant to R.C. 2929.14(C)(4) were not clearly and convincingly

unsupported by the record.  Appellant's assignment of error is overruled.

**{¶ 13}** Judgment affirmed.


BYRNE, P.J., and PIPER, J., concur.